Filed 10/16/25  P. v. Barrios CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B337574 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA039681) |
| v. | |
| CARLOS RAMIREZ BARRIOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

## INTRODUCTION

Carlos Ramirez Barrios was convicted of special circumstance first degree murder, burglary, and attempted robbery. He was sentenced to life without the possibility of parole (LWOP) plus 25 years to life. Barrios was 19 years old at the time of the offense. He appeals from a postjudgment order denying his motion for a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) and *In re Cook* (2019) 7 Cal.5th 439 (*Cook*).[1] The superior court determined Barrios was ineligible for a youth offender parole hearing under Penal Code section 3051[2] because he was sentenced to life without the possibility of parole.

Barrios contends section 3051 violates his federal and state constitutional rights to equal protection because young adult offenders serving LWOP sentences for crimes they committed when they were 18 to 25 years old are ineligible for youth offender parole hearings, but young adult offenders serving non-LWOP sentences and juvenile offenders who committed crimes before the age of 18 serving LWOP sentences are eligible. Barrios also argues his sentence constituted cruel or unusual

---

[1] In *Franklin, supra,* 63 Cal.4th at pages 283 to 284, the California Supreme Court held a juvenile offender (i.e., under the age of 18) who is eligible for a youth offender parole hearing pursuant to section 3051 is entitled to a hearing to develop and preserve evidence of his or her youth-related characteristics and the circumstances at the time of the offense. In *Cook, supra,* 7 Cal.5th at page 451, the California Supreme Court further held that "an offender entitled to a hearing under sections 3051 and 4801 may seek the remedy of a *Franklin* proceeding even though the offender's sentence is otherwise final."

[2] Undesignated statutory references are to the Penal Code.

punishment in violation of the California Constitution. (See Cal. Const., art. I, § 17.) We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, a jury convicted Barrios of first degree murder (§ 187, subd. (a)), burglary (§ 459), and attempted residential robbery (§§ 211, 664), with the special circumstance that he committed the murder of Charles Scott Dixon while engaged in committing the burglary and attempted robbery (§ 190.2, subd. (a)(17)), with the enhancement (or "true finding") that Dixon was a paraplegic and Barrios knew of Dixon's disability (§ 667.9, subd. (a)). Dixon was a 64-year-old wheelchair-bound amputee who lived alone and had come into a lot of money from a civil suit that related to the injuries that led to his amputation. Dixon was found handcuffed and beaten to death. His injuries were consistent with 32 blunt force strikes with a crowbar or the handle of a car jack. As stated, Barrios was 19 years old at the time of the offense.

The trial court sentenced Barrios to life without the possibility of parole, and this court affirmed the judgment. (*People v. Barrios* (Nov. 20, 2006, B183236) [nonpub. opn.].) In March 2022, Barrios petitioned for resentencing under former section 1170.95, now section 1172.6, alleging he was convicted of murder but could not presently be convicted of murder because of changes made to sections 188 and 189, and arguing the jury's felony-murder special circumstance finding did not make him ineligible for resentencing. The trial court held an evidentiary hearing and denied Barrios's petition after finding, beyond a reasonable doubt, that Barrios was a major participant in the underlying burglary who acted with reckless indifference to human life. Barrios appealed, arguing the evidentiary hearing violated his right to a jury trial and his rights to due process and

3

equal protection, and this court affirmed. (*People v. Barrios* (Jan. 14, 2025, B336452) [nonpub. opn.].)

In November 2022, Barrios filed a motion requesting a *Franklin/Cook* hearing to preserve youth-related mitigating evidence for a future youth offender parole hearing under section 3051. The trial court denied Barrios's request for a *Franklin/Cook* hearing, explaining that his sentence of life without the possibility of parole made him statutorily ineligible for relief.

Barrios timely appealed.

## DISCUSSION

A.   *Section 3051 Does Not Violate Barrios's Constitutional Right to Equal Protection*

Section 3051 "offers opportunities for early release to certain persons who are incarcerated for crimes they committed at a young age." (*People v. Hardin* (2024) 15 Cal.5th 834, 838 (*Hardin*).) "Under the current version of the statute, most persons incarcerated for a crime committed between ages 18 and 25 are entitled to a parole hearing during the 15th, 20th, or 25th year of their incarceration. [Citation.] But not all [young adult] offenders are eligible for parole hearings. The statute excludes, among others, offenders who are serving sentences of life in prison without the possibility of parole for a crime committed after the age of 18." (*Hardin,* at pp. 838-839; see § 3051, subd. (h); *People v. Williams* (2024) 17 Cal.5th 99, 116; *People v. Briscoe* (2024) 105 Cal.App.5th 479, 484 (*Briscoe*).) Defendants who were 18 to 25 years old at the time of their offenses but who are ineligible for a youth offender parole hearing under section 3051 due to their sentences are not entitled to a *Franklin* hearing. (See *People v. Mason* (2024) 105 Cal.App.5th 411, 415.)

4

Barrios argues section 3501, subdivision (h), violates the equal protection clause of the federal and state constitutions because it treats young adult offenders serving LWOP sentences differently than other young adult offenders sentenced to non-LWOP terms, and differently than juveniles sentenced to LWOP. "We review these claims de novo" (*People v. Morales* (2021) 67 Cal.App.5th 326, 345 (*Morales*)), and we apply a deferential rational basis standard of review to a defendant's equal protection challenge to the youth offender parole statute. (See *Hardin, supra,* 15 Cal.5th at p. 839.)

In *Hardin*, the California Supreme Court rejected the argument that "section 3051's exclusion of young adult offenders sentenced to life without parole is constitutionally invalid under a rational basis standard, either on its face or as applied" to defendants "who are serving life without parole sentences for special circumstance murder." (*Hardin, supra*, 15 Cal.5th at p. 839.) Barrios acknowledges *Hardin* forecloses his equal protection argument as between young adult offenders sentenced to LWOP and young adult offenders who committed murder and received non-LWOP sentences. But he argues *Hardin* did not directly consider whether there is a rational basis to distinguish between young adult and juvenile offenders sentenced to LWOP. Barrios is correct that *Hardin* did not consider this equal protection challenge. But *Hardin* observed that this court had held it was unnecessary to address this argument because "the Legislature acted reasonably in distinguishing between offenses committed before and after the age of 18 because the Eighth Amendment (and the law more generally) makes the same distinction." (*Hardin,* at p. 846.)

In all events, Barrios fails to show the Legislature acted irrationally by granting youth offender parole hearings to juvenile offenders with a sentence of life without the possibility of

parole while denying such hearings to young adult offenders with the same sentence. As *People v. Sands* (2021) 70 Cal.App.5th 193, 204 explained when rejecting a similar equal protection challenge to section 3051, "The Legislature had a rational basis to distinguish between offenders with the same sentence (life without parole) based on their age." (*Sands,* at p. 204.) *Sands* reasoned that "the Legislature could rationally decide to remedy unconstitutional sentences [imposed on juveniles] but go no further." (*Ibid.*; accord, *In re Murray* (2021) 68 Cal.App.5th 456, 463-464 [rejecting equal protection challenge to § 3051 based on the different treatment of juvenile and young adult offenders sentenced to life without possibility of parole because "the United States and California Supreme Courts have found the line drawn between juveniles and nonjuveniles to be a rational one"]; *Morales, supra,* 67 Cal.App.5th at p. 347 ["for purposes of LWOP offenders, the line drawn at 18 is a rational one"]; *People v. Acosta* (2021) 60 Cal.App.5th 769, 779 (*Acosta*) ["[T]here is a rational basis for distinguishing between juvenile LWOP offenders and young adult LWOP offenders: their age."].)

B.     Briscoe *is Distinguishable*

Barrios next argues this case is like *Briscoe, supra,* 105 Cal.App.5th 479. *Briscoe* held that section 3051 violated the equal protection clause in "the narrow factual context" of young adult offenders "sentenced for special circumstance murder during a robbery or burglary under section 190.2, subdivision (d)," which applies to nonkiller participants in specified felony offenses during which a murder occurred. (*Briscoe,* at pp. 485, 490.) The defendant in *Briscoe* was convicted of first degree murder as a nonkiller participant in the

underlying felonies of robbery and burglary, for which he was sentenced to life without the possibility of parole.  (*Id.* at p. 485.)  The defendant was 21 years old at the time of the offenses, and the trial court determined he was ineligible for a section 3051 youth offender parole hearing.  (*Id.* at p. 486.)

The defendant successfully argued on appeal that section 3051's exclusion of young adult offenders convicted of special circumstance felony murder as nonkillers under section 190.2, subdivision (d), while including those convicted of nonspecial circumstance first degree felony murder under section 189, subdivision (e)(3), violated equal protection.  (See *Briscoe, supra*, 105 Cal.App.5th at pp. 489-490 & fn. 5; see also *id*. at p. 487 [noting that although "*Hardin* forecloses Briscoe's challenge to section 3051's exclusion of youth special circumstance murderers generally, . . . his narrower challenge based on section 190.2, subdivision (d) survives"].)

*Briscoe* observed that the Legislature amended section 189 by "directly incorporating the section 190.2, subdivision (d) standard into the definition of first degree felony murder under section 189, subdivision (e)(3)."  (*Briscoe, supra,* 105 Cal.App.5th at p. 491.)  Thus, "[s]ection 190.2, subdivision (d) describes the exact same circumstances and conduct that is now necessary to support a conviction for first degree felony murder under section 189, subdivision (e)(3)."  (*Id.* at p. 492; see *id.* at p. 489 ["The two provisions employ the same standard of liability, as the former provision expressly incorporates the latter.'"].)  Yet, although both statutes involved the same underlying conduct, a young adult offender convicted under section 189, subdivision (e)(3), would be entitled to a *Franklin* hearing, while a young adult offender convicted under section 190.2, subdivision (d),

would not. *Briscoe* reasoned that because "[t]he disparate treatment of offenders who committed murder per these identical provisions during the same underlying felonies cannot reflect any difference in culpability" (*Briscoe,* at p. 492), it followed that "[t]he result is an irrational distinction between equally culpable youth offenders seeking parole that the Legislature did not contemplate" (*id.* at p. 490). Accordingly, it held that offering parole opportunities to young adult offenders convicted of section 189, subdivision (e)(3), but not section 190.2, subdivision (d), lacks a rational basis, and "[a]s applied to youth offenders sentenced under section 190.2, subdivision (d) for murder during a robbery or burglary, the statute violates equal protection." (*Briscoe,* at p. 495.) *Briscoe* reversed the order denying the defendant's motion for a *Franklin* hearing.

The People argue *Briscoe* is distinguishable because the special circumstance finding in *Briscoe* was made under section 190.2, subdivision (d), whereas in Barrios's case the finding was made under section 190.2, subdivision (a)(17)(A). According to the People: "Whereas a person could be convicted of special circumstance murder under section 190.2, subdivision (d), without being the actual killer or having intent to kill, a conviction under section 190.2, subdivision (a)(17)(A), requires a finding that the murder was committed as either the actual perpetrator or accomplice." We agree.

As stated, *Briscoe* involved a special circumstance finding under section 190.2, subdivision (d). *Briscoe* did not address the situation where, as here, a special circumstance finding was made under section 190.2, subdivision (a)(17)(A). Section 190.2, subdivision (a)(17), provides for a penalty of death or life without parole if the murder "was committed while the defendant was

8

engaged in, or was an accomplice in, the commission of, attempted commission of, or the immediate flight after committing, or attempting to commit" certain specified felonies, including robbery (§ 190.2, subd. (a)(17)(A)). Thus, while section 190.2, subdivision (d) (at issue in *Briscoe*), expressly applies only to nonkillers, that is not necessarily the case with section 190.2, subdivision (a)(17) (under which Barrios was convicted). That is because section 190.2, subdivision (a)(17) applies to actual killers and nonkillers who commit murder while intending to commit a felony such as robbery. (See § 190.2(a)(17); see also CALCRIM No. 730.)

C.      *Section 3051 Does Not Violate the State Constitutional Prohibition Against Cruel or Unusual Punishment*

Barrios further argues the exclusion in section 3051 of young adult offenders sentenced to life without the possibility of parole who were 18 years old or older constitutes cruel or unusual punishment under article I, section 17, of the California Constitution. Barrios's argument is foreclosed by precedent establishing that there is no violation of the cruel or unusual punishment clauses of the state or federal constitutions when a nonjuvenile young adult offender is sentenced to life without the possibility of parole. (See *People v. Baker* (2018) 20 Cal.App.5th 711, 733 ["[t]here is considerable overlap in the state and federal approaches" to the Eighth Amendment and article I, section 17, of the California Constitution, and "'[a]lthough articulated slightly differently, both standards prohibit punishment that is "grossly disproportionate" to the crime or the individual culpability of the defendant"']; see also *Sands, supra,* 70 Cal.App.5th at p. 204 [sentence of life without the possibility

of parole "does not violate the Eighth Amendment when imposed on an adult, even an adult under the age of 26"]; *Acosta, supra,* 60 Cal.App.5th at p. 781 [*Miller v. Alabama* (2012) 567 U.S. 460, which held the Eighth Amendment prohibits sentencing a juvenile to a mandatory term of life in prison without possibility of parole, "applies to juvenile offenders sentenced to mandatory LWOP terms, not 21 year olds"]; *In re Williams* (2020) 57 Cal.App.5th 427, 439 [Eighth Amendment does not prohibit imposing a sentence of life without the possibility of parole on a 21-year-old defendant]; *People v. Montelongo* (2020) 55 Cal.App.5th 1016, 1020, 1030-1032 [Eighth Amendment does not prohibit imposing a sentence of life without the possibility of parole on an 18-year-old defendant]; cf. *People v. Flores* (2020) 9 Cal.5th 371, 429 [Eighth Amendment does not prohibit imposing a sentence of death on a 21-year-old defendant].)

## DISPOSITION

The order denying Barrios's request for a *Franklin/Cook* hearing is affirmed.

MARTINEZ, P. J.

We concur:

SEGAL, J.                    FEUER, J.

10